PADOVANO, J.,
dissenting.
I acknowledge that the plaintiffs breeding barn was uniquely designed to house pigs in gestation crates and that it was rendered useless after the passage of the Article X, section 21. However, the breeding barn was only a small part of the plaintiffs real property. In fact, the plaintiffs entire pork production operation took place on only four acres of his three hundred and eighteen acre farm. The loss of the barn may have diminished the value of the farm but that is not enough to support a “taking” claim.
The Fifth Amendment protection against the taking of property without just compensation ensures that the government will not force only some people to bear public burdens that in all fairness should be shared by the public as a whole. See Armstrong v. United States, 864 U.S. 40, 49, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960). It does not ensure that the government will provide compensation merely because the passage of a new law has an adverse economic interest on an existing property right. As the Supreme Court explained in Penn Central Transportation Company v. City of New York, 438 U.S. 104, 124, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978) (quotation omitted), “[g]overnment hardly could go on if to some extent values incident to property could not be diminished without paying for every such change in the general law.”
The fallacy of the plaintiffs argument in this case is that it attempts to separate the breeding barn from the rest of the real property. If that could be done, I would agree that the passage of Article X, section 21 resulted in a constructive taking of his property. But it cannot be done. We are obligated to evaluate the plaintiffs claim based on the effect this new constitutional provision had on the entire parcel of land, not just one structure on the land, or several acres of the land. The Supreme Court made this point clear in Penn Central when it observed:
“Taking” jurisprudence does not divide a single parcel into discrete segments and attempt to determine whether rights in a particular segment have been entirely abrogated. In deciding whether a particular governmental action has effected a taking, this Court focuses rather both on the character of the action and on the nature and extent of the interference with right in the parcel as a whole.
Penn Central, 438 U.S. at 130-131, 98 S.Ct. 2646. The plaintiffs farm may be worth less now than it was before and *485 perhaps it could be said that it can no longer be put to its highest and best use. Nevertheless, as I read the Penn Central line of cases, consequences such as these do not rise to the level of a governmental taking.
For these reasons, I respectfully dissent.